Darren Chaker
1140 Wall Street #77
La Jolla, Ca 92038
DarrenChaker@Gmail.com
213/915-6804



FILED
July 22 2016
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ carolinal    DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

DARREN CHAKER,

      Plaintiff,

vs.

LEESA FAZAL, et. al.

      Defendants.

Case No.: 16CV1872 CAB BLM

EX PARTE APPLICATION TO FILE COMPLAINT UNDER SEAL AND ISSUE PRELIMINARY PROTECTIVE ORDER

[L.R. 79.2]

    COMES NOW DARREN CHAKER, Petitioner, and files this Motion to Seal the Complaint under seal and issue a preliminary protective order.

**I. GOOD CAUSE EXISTS TO FILE THE COMPLAINT UNDER SEAL SINCE IT DISCLOSES SEALED COURT AND POLICE RECORDS, MEDICAL RECORDS, AND A PENDING CRIMINAL FEDERAL INVESTIGATION INTO A FEDERAL AGENT.**

    The Supreme Court has reaffirmed strong privacy interests in dissemination of personal, confidential information. *See Whalen v. Roe*, 429 U.S. 589, 599 (1977); *Nixon v. Administrator of General Services*, 433 U.S. 425, 457-59 (1977).

    In support of Plaintiff's Complaint, he cited to numerous exhibits. Many of the exhibits include,

    a. Reference to sealed family law case pages 8-14, and an accompanying sealed court order (all paternity cases are sealed), birth certificate, and voluntary acknowledgement of paternity;

    b. Repeated reference to a sealed police report[1], pages 5-18;

---

[1] *See* NRS § 179.285(a) ["All proceedings recounted in the record are deemed never to have occurred..."] Likewise, in California, "[I]f an agency receives an inquiry regarding a record

  c. Medical record excerpt at page 32, as well as repeated references to second revocation petition which was dismissed throughout complaint, and then sealed by the district court, as well as full medical reports and drug testing results are part of a medical exam[2], [medical record[3]] as exhibits.

  d. Excerpt of third revocation petition alleging violations based on First Amendment rights, page 43, which is no longer a public record as it was withdrawn by USPO at the direction of the district court on February 29, 2016.

  e. The name of and explicit details concerning Plaintiff obtaining and providing an AUSA and two FBI special agents with information concerning a Homeland Security special agent's unethical and illegal conduct. *See*, Complaint, Pages 62-63[4].

Given the nature of the information and records contained within the complaint, Plaintiff requests Defendants are ordered to not disclose the nature of the complaint or its

---

which has been sealed, the proper response is '[w]e have no record on the named individual,' even though the record may physically still exist." *Parmett v. Superior Court*, 212 Cal.App.3d 1261, 1

[2] *See* 42 U.S.C. § 12114(d).

[3] Drug and alcohol testing programs clearly implicate individual privacy rights for both public and private employees. (*See Hill v. National Collegiate Athletic Ass'n*. 7 Cal. 4th 1 (1994).) 265, 262 Cal.Rptr. 387 (1989).

[4] District courts have identified as one of them the need to avoid "jeopardizing ongoing or future investigations," *United States v. Milken*, 780 F. Supp. 123, 127 (1991), and "[t]he need for confidentiality of the investigation," *United States v. Park*, 619 F. Supp. 2d 89, 94 (S.D.N.Y. 2009). *United States v. Huntley*, 943 F. Supp. 2d 383, 386, 2013 U.S. Dist. LEXIS 65057, *7, 2013 WL 1881536 (E.D.N.Y. 2013) The Government will routinely seek to seal records to protect the integrity of the Government's ongoing investigations. *See United States v. Haller*, 837 F.2d at 87 (closure of paragraph of plea agreement appropriate because it was "essential to protect the secrecy of sensitive matters affecting a grand jury proceeding and an ongoing criminal investigation") *See also People v. Seibel* (1990) 219 Cal.App.3d 1279, 1289 ["And in the big-time drug business, to inform is to **sign one's death warrant**."]; *People v. Pacheco* (1972) 27 Cal.App.3d 70, 80 ["It does not take a lively imagination to realize that [disclosure of an informant's identity] **might constitute a death warrant for the informer**"]. (emphasis added)

2

exhibits in any capacity with a third party, be it through oral disclosure or disclosing physical documentation.

## CONCLUSION

Plaintiff requests this honorable Court grant this application by ordering;

1. the instant motion be sealed since it discloses detailed information about confidential records;
2. The complaint and its exhibit are to be filed under seal; and
3. Defendants are ordered to not disclose the contents of the complaint or its exhibits in any manner to a third party until a hearing is held on the matter.

DATED: 7/21/16

Respectfully submitted,

_____
Darren D. Chaker
Plaintiff