1  ADAM PAUL LAXALT
2    Attorney General
   FRANK A. TODDRE II (CA Bar. No. 314436)
3    Deputy Attorney General
   State of Nevada
4  Office of the Attorney General
5  555 E. Washington Avenue, Suite 3900
   Las Vegas, NV 89101
6  (702) 486-3149 (phone)
7  (702) 486-3773 (fax)
   ftoddre@ag.nv.gov
8  *Attorneys for Defendant*
9  *Adam Paul Laxalt in his official capacity*

10              **UNITED STATES DISTRICT COURT**

11        **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
12

13  DARREN CHAKER                    CASE NO. 16-cv-1872-CAB-BLM

14          Plaintiff(s),            DEFENDANT ADAM PAUL LAXALT'S
15                                   MEMORANDUM OF POINTS AND
                                     AUTHORITIES IN SUPPORT OF
16  vs.                             MOTION TO DISMISS COMPLAINT
17  LEESA FAZAL et al.              FILED BY DARREN CHAKER

18          Defendant(s).           PER CHAMBERS RULES, NO ORAL
19                                   ARGUMENT UNLESS SEPARATELY
                                     ORDERED BY COURT
20
21                                   COURTROOM 4C
22                                   Hon. Cathy Ann Bencivengo

23
24
25
26
27
28                                          ORIGINAL

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Adam Paul Laxalt, sued in his official capacity, moves to dismiss plaintiff's claims pursuant to FRCP 12(b)(1), and, alternatively, FRCP 12(b)(6).

## I.   INTRODUCTION

This Court should dismiss all of Chaker's causes of action. **First,** Chaker's federal and supplementary or pendent state law claims against Laxalt in his official capacity are barred by the Eleventh Amendment. **Second,** alternatively and without waiving Eleventh Amendment immunity, Chaker's federal and state causes of action fail on the merits. A suit against Laxalt in his official capacity is a suit against the State of Nevada. Nevada is not a "person" under 42 U.S.C. §1983. Finally, plaintiff's 42 U.S.C. §1983 cause of action and state law causes of action are barred by California's, or Nevada's, two year personal injury statute of limitation.

## II.   STATEMENT OF ISSUE TO BE DECIDED

This motion to dismiss presents the following issues to be decided:

1)   Are Chaker's federal and pendent or supplementary state law causes of action pled in his complaint against Laxalt in his official capacity barred by the Eleventh Amendment?

Alternatively, and without waiving the Eleventh Amendment,

2)   Is a suit against Laxalt in his official capacity a suit against a "person" under 42 U.S.C. §1983?

. . .

3)   Are Chaker's causes of action under 42 U.S.C. §1983, negligence, negligent hiring, training, retention and gross negligence barred by the two year statute of limitations for personal injury actions?

## III.   PROCEDURAL HISTORY AND RELEVANT FACTS

### A.   Causes of Action Pled Against Laxalt in His Official Capacity

Chaker filed his § 1983 "Complaint for Damages" under seal on July 22, 2016. Chaker alleges Laxalt was the Attorney General for the State of Nevada at all relevant times.[1]  Chaker in his complaint alleges twenty discreet claims for relief and requests injunctive relief, but only four damages claims are pled against Laxalt.  Chaker sues Laxalt in his official capacity as Nevada's Attorney General.[2]  Chaker alleges causes of action against Laxalt under 42 U.S.C. §1983 (under headings such as invasion of privacy, the Driver's Privacy Protection Act, and State/Municipal liability),[3] negligence,[4] and negligent hiring, training, retention and gross negligence.[5]

### B.   Chaker's Allegations Against Laxalt in His Official Capacity

Chaker does not allege any wrongdoing by Laxalt, but rather alleges a former Nevada investigator, Leeza Fazal, harmed him.  Chaker's allegations can be broken down into three subparts:  Fazal's alleged refusal to comply with a San Diego Superior Court Custody Order; the preparation and disclosure of an alleged confidential report in a

---

[1]  Complaint at ¶ 13.
[2]  *Id*. at Caption.
[3]  First, second, and third causes of action of Chaker's complaint. (*Id*. at p. 64-66).
[4]  Fourteenth cause of action of Chaker's Complaint. (*Id*. at p. 76-77).
[5]  Eighteen cause of action. (*Id*. at p. 79-80).

- 2 -

domestic relations litigation to determine custody of Chaker's child; and Fazal's alleged inclusion of a sealed North Las Vegas Police Report within the confidential report that Fazal allegedly provided to Adcock's San Diego family law attorney in the custody matter.

**First**, Chaker alleges Fazal ignored a San Diego Superior Court Custody Order. Chaker alleges he obtained an ex parte emergency custody order from a San Diego Superior Court.[6]  The order allegedly required delivery of Chaker's child to him from Adcock.[7]  Chaker alleges Fazal did not comply with the order in June 2013.[8]

**Second**, Chaker alleges Fazal created and provided a confidential report to Adcock's family law attorney in San Diego for use in a domestic relations case involving Chaker and Adcock's child.  Chaker asserts that Fazal prepared a written report that contained confidential material for public use in the domestic relations matter.[9]  Fazal's report is dated July 11, 2013.[10]  Adcock's counsel publicly filed Fazal's report on July 12, 2013, Chaker learned of Fazal's confidential report on July 22, 2013, and was provided an unredacted version on August 1, 2013.[11]

**Third**, Chaker also faults Fazal with accessing an allegedly sealed North Las Vegas Police Report.[12]  Chaker alleges he was harmed because Fazal included the sealed North Las Vegas Police Report in the confidential report publicly filed on July 12, 2013.[13]

---

[6] *Id*. at ¶20.
[7] *Id*.
[8] *Id*. at ¶¶21-27.
[9] *Id*. at ¶31-38.
[10] *Id*. at ¶39.
[11] *Id*.
[12] *Id*. at ¶55.
[13] *Id*. at ¶68.

- 3 -

## IV.  **LEGAL ARGUMENT**

### A.  **Governing Legal Standards**

#### i.  **Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  To survive dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." FED. R. CIV. P. 8(a)(2).  While a pleading generally need not contain detailed allegations, it must allege sufficient facts to raise a right to relief above the speculative level. *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." *Id.*  Rather, to survive a motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.  Though the party opposing a 12(b)(6) motion to dismiss is given the benefit of the doubt in that its factual allegations are accepted as true, a court will not assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

#### ii.  **Eleventh Amendment State Immunity**

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.  Under the Eleventh Amendment, states, like Nevada, are immune from suit in federal court absent waiver by the state or abrogation by Congress. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Nevada has explicitly declined to waive its immunity.  NRS § 41.031(3).  Eleventh Amendment immunity applies to Section 1983 claims against states and state entities.  *Quern v. Jordan,* 440 U.S. 332, 342 (1979). Eleventh Amendment immunity also applies to supplemental state law claims. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 121 (1984).

### B.    Eleventh Amendment Immunity Bars Chaker's Federal and State Causes of Action

This Court should dismiss Chaker's federal and state law claims in light of Nevada's Eleventh Amendment immunity from suit.  "The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101, 104 S.Ct. 900 (citation and internal quotation marks omitted).  The "general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Id.* (citation omitted).  "[A]s when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Id.* at 101–02, 104 S.Ct. 900 (citation omitted).

Here, Chaker's 42 U.S.C. § 1983 causes of action seek monetary damages against Laxalt in his official capacity.[14]  Likewise, Chaker's state law tort theories seek monetary

---

[14] Complaint at ¶¶210, 216, and 225.

16-CV-1872-CAB-BLM

damages.[15]  Chaker's request for injunctive relief pertains to the United States Probation Office and its employees, Hernandez and Simons.[16]  Chaker's state and federal causes of action are barred by Eleventh Amendment Immunity.

### C.    Alternatively, Chaker's Claims Fail on the Merits

#### i.    The State of Nevada is Not a "Person" under 42 U.S.C. §1983

In *Will v. Michigan Department of State Police*, the United States Supreme Court concluded that states are not "persons" within the meaning on 42 U.S.C. §1983.  491 U.S. 58, 64-70 (1989).  As a result, a plaintiff cannot maintain a Section 1983 action against a state.  *See id.*  The Court also noted that when a state official is sued in his or her official capacity, the suit is not truly brought against the official, but against the official's office.  *Id.* at 71.  Such a case therefore, is effectively a suit against the state itself.  *Id.*  As a result, the Supreme Court extended its conclusion that a state is not a person for purposes of 42 U.S.C. §1983, to apply equally to state officials sued in their official capacities.  *Id.*  Therefore, a § 1983 action cannot be properly brought against the state or a state official acting in his or her official capacity, regardless of whether the complaint is filed in state or federal court.  *See Will*, 491 U.S. at 64-71.

Chaker's Complaint invokes 42 U.S.C. §1983 and names Adam Paul Laxalt as a Defendant in his official capacity as Nevada's Attorney General.  The State of Nevada and its arms are not persons for purposes of 42 U.S.C. §1983 claims.  As such, to the . . .

---

[15] *Id.* at ¶¶276 and 287.
[16] *Id.* at ¶¶288-298.

16-cv-1872-CAB-BLM

extent necessary, any claims against the State of Nevada and Laxalt, as a state actor in his official capacity, should be dismissed as a matter of law.

As an agency of the State of Nevada, the Attorney General cannot be subject to liability under § 1983. *Will*, 491 U.S. at 71. Therefore, Chaker fails to state § 1983 claims against the Office of the Attorney General and these claims must be dismissed. *See id.*; FRCP 12(b)(5).

### ii.     Chaker's Claims are also Time-Barred

A cause of action brought under 42 U.S.C. § 1983 is governed by the forum state's personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 266-68 (1985). However, federal law determines when a section 1983 action accrues. *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000). "[U]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*

The Ninth Circuit has repeatedly held that the applicable limitations period for § 1983 actions is contained in the general personal injury statute. *See, e.g., McDougal v. County of Imperial*, 942 F.2d 668, 672 (9th Cir.1991) California's statute of limitations for personal injury actions governs claims brought pursuant to 42 U.S.C. § 1983. *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 711 (9th Cir.1993) (citing *Wilson v. Garcia*, 471 U.S. 261, 275, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (holding that state personal injury limitation statute governs § 1983 claims)); *Del Percio v. Thornsley*, 877 F.2d 785, 786 (9th Cir.1989). In California, personal injury claims that accrued after January 1, 2003,

1  are subject to a two-year statute of limitations.  *See* Cal. Code Civ. Proc. § 335.1;

2  *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132–33 (9th Cir. 2007).[17]

3

4        Under California's discovery rule, the plaintiff discovers the cause of action when

5  he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if

6  he lacks knowledge thereof; when, simply put, he at least suspects that someone has done

7
8  something wrong to him, wrong being used, not in any technical sense, but rather in

9  accordance with its lay understanding.  *Hendrix v. Novartis Pharmaceutical Corp.,*

10  C.D.Cal.2013, 975 F.Supp.2d 1100, (affirmed 647 Fed.Appx. 749, 2016 WL 1319737).

11
12        Chaker learned of the existence of Leesa Fazal's confidential report, which is the

13  basis of this lawsuit against Fazal and Laxalt, on July 22, 2013, per Chaker's Complaint.

14  As such, the statute of limitations begins to toll.  As a § 1983 case, the statute is governed
15
16  by California's personal injury limitation of two years.

17        Based upon the discovery of injury on July 22, 2013, the deadline for Chaker to file

18  a complaint is **Wednesday July 22, 2015**.  Chaker filed his Complaint on July 22, 2016,
19
20  which is 366 days after the deadline to file his complaint pursuant to the governing statute

21  of limitations.  Accordingly, Chaker's Complaint is barred by California's statute of

22  limitations and should be dismissed as a matter of law.  To wit, Chaker's Complaint would
23
24  also be barred by Nevada's statute of limitations were he to attempt to initiate a new

25  lawsuit in that forum.[18]

26
    _____
27  [17] *Cited by Colony Cove Properties, LLC v. City Of Carson,* 640 F.3d 948, 956 (9th Cir. 2011).

28  [18] Supreme Court precedent directs lower courts to apply state personal injury statutes of limitation when evaluating § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261,

- 8 -

# VI.   **CONCLUSION**

For the reasons discussed above, Laxalt, named in his official capacity as Attorney General for the State of Nevada, is immune from suit in federal court under the Eleventh Amendment. Accordingly, this motion to dismiss should be granted. Further, Chaker's claims are barred by California's statute of limitations. The claims against Laxalt should be dismissed with prejudice, because Chaker cannot cure the legal deficiencies of his Complaint.

DATED this 8th day of June, 2017.

> ADAM PAUL LAXALT
> Attorney General
>
> By:
> Frank A. Toddre II (CA Bar. No. 314436)
> Deputy Attorney General
> *Attorneys for Adam Paul Laxalt in his official capacity*

---

280 (1985) ("In view of our holding that § 1983 claims are best characterized as personal injury actions, the Court of Appeals correctly applied [state personal injury statute of limitations]."). In Nevada, the statute of limitations for personal injury claims, and therefore § 1983 actions, is two years. NRS § 11.190(4)(e). *Cited by Marcelli v. Edwards*, No. 314CV00559MMDWGC, 2016 WL 2990633, at *3 (D. Nev. May 24, 2016).

16-cv-1872-CAB-BLM