ORIGINAL

FAXED

FILED

JUN 8 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY M/L          DEPUTY

1  NORTH LAS VEGAS CITY ATTORNEY
2  Micaela C. Rustia Moore
   Cal. Bar No. 243484
3  Nev. Bar No. 9676
4  2250 Las Vegas Blvd. North, Suite 810
   North Las Vegas, Nevada 89030
5  (702) 633-1050
6  moorem@cityofnorthlasvegas.com
7  *Attorneys for Defendants ALEXANDER PEREZ and MARY D. SCARFF*

8              UNITED STATES DISTRICT COURT
9              SOUTHERN DISTRICT OF CALIFORNIA

10 | DARREN CHAKER,                              | Case No. 16cv1872 CAB BLM
11 |                                              |
12 |         Plaintiff,                           | **Hearing Date: July 17, 2017**
   | v.                                           | **Hearing Time:**
13 |                                              | **Ctrm: 4C**
14 | LEESA FAZAL, in her personal capacity        | **Hon. CATHY ANN BENCIVENGO**
   | and in her official capacity as an           |
15 | employee with the Attorney General of        | **MEMORANDUM OF POINTS AND**
16 | the State of Nevada, ADAM PAUL               | **AUTHORITIES IN SUPPORT OF**
   | LEXALT, in his official capacity as the      | **DEFENDANTS ALEXANDER**
17 | Attorney General for the State of            | **PEREZ' AND MARY D. SCARFF'S**
18 | Nevada, CITY OF NORTH LAS                    | **MOTION TO DISMISS**
   | VEGAS, ALEXANDER PEREZ, in his               | **PLAINTIFF'S COMPLAINT FOR**
19 | official capacity as the Chief of Police of  | **DAMAGES PURSUANT TO**
20 | the North Las Vegas Police Department,       | **FED.R.CIV.P. 12(b)(2)-(3), (b)(5)-(6)**
   | MARY D. SCARFF, in her official              |
21 | capacity as Police Records Supervisor        |
22 | for the North Las Vegas Police               |
23 | Department, DAVID J. SULTZBAUGH              | *[PER CHAMBERS RULES, NO*
   | in his official capacity as Chief of the     | *ORAL ARGUMENT UNLESS*
24 | United States Probation Officer,             | *SEPARATELY ORDERED BY THE*
25 | ELIZABETH SIMONS, in her individual          | *COURT]*
   | and official capacity as an employee of      |
26 | the United States Probation Office,          |
27 | SEAN QUINTA, in his individual and           |
28 | official capacity as an employee of the      |

                                    i         Case No. 16cv1872 CAB BLM

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | United States Probation Office,<br>CARLOS HERNANDEZ, in his individual and official capacity as an employee of the United States Probation Office, Does 1-50,<br><br>      Defendants. |

7      Defendants ALEXANDER PEREZ and MARY D. SCARFF present the
8 following Memorandum of Points and Authorities in support of their Motion to
9 Dismiss Plaintiff's Complaint for Damages Pursuant to Fed. R. Civ. P. 12(b)(2)-
10 (3), (b)(5)-(6).

11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ......................1

III. ARGUMENT .........................................................................3

    A. This Court has no personal jurisdiction over Defendants Perez and Scarff. ...........................................3

        1. This Court lacks general jurisdiction over Defendants Perez and Scarff because neither of them are domiciled in California and neither has continuous or systematic contacts with California. ..........................................4

        2. This Court Lacks Specific Jurisdiction Over Defendants Perez and Scarff Because Neither Had Contact With the Forum State or Directed Activities Toward the Forum State. ........................................5

            i. Defendants Perez and Scarff did not Perform any Act or Consummate Any Transaction Within the Forum or Otherwise Purposefully Avail Themselves of the Privileges of Conducting Activities in the Forum. ..........................................6

            ii. Defendants Have not Conducted Any Forum-Related Activities, and the Exercise of Jurisdiction would be Unreasonable. .................7

    B. Venue is Not Proper. ...................................................8

    C. Plaintiff Failed to Timely Serve his Complaint. .....................9

    D. Plaintiff's Claims are Barred by the Statute of Limitations. ..........11

IV. CONCLUSION .....................................................................13

# TABLE OF AUTHORITIES

**Cases**                                                                                     **Page No.**

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*,
    223 F.3d 1082 (9th Cir. 2000) ...........................................................4, 5, 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007) ...................................................11

*Boschetto v. Hansing*,
    539 F.3d 1011 (9th Cir. 2008) .................................................................6

*Brayton Purcell LLP v. Recordon & Recordon*,
    606 F.3d 1124 (9th Cir. 2010) .................................................................3

*CollegeSource, Inc. v. AcademyOne, Inc.*,
    653 F.3d 1066 (9th Cir. 2011)............................................................3, 6, 7

*Dole Food Co. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002) .................................................................7

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (U.S. 2011) .........................................................................5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) ..............................................................................4, 5

*Kimes v. Stone*,
    84 F.3d 1121 (9th Cir. 1996) .................................................................12

*Lisa McConnell, Inc. v. Idearc, Inc.*,
    No. 09-CV-00061-IEG(AJB),
    2010 WL 364172 (S.D. Cal. Jan. 22, 2010) ............................................4

*Macpherson v. United States*,
    No. 3:15-CV-0769-BEN-AGS,
    2017 WL 766722 (S.D. Cal. Feb. 28, 2017) ..........................................10

1 | *Maldonado v. Harris,*
2 |     370 F.3d 945 (9th Cir.2004) ............................................................12
3 | *Mireskandari v. Daily Mail & Gen. Trust PLC,*
4 |     No. CV1202943MMMSSX,
5 |     2013 WL 12114762 (C.D. Cal. Oct. 8, 2013) ...................................12
6 | *Phillips v. Hernandez,*
7 |     No. 12-CV-748-MMA WMC,
8 |     2012 WL 5185848 (S.D. Cal. Oct. 18, 2012) .....................................6
9 | *Republic Int'l Corp. v. Amco Eng'rs, Inc.,*
10 |     516 F.2d 161 (9th Cir. 1976) ............................................................4
11 | *Scott v. Breeland,*
12 |     792 F.2d 925 (9th Cir. 1986) ............................................................3
13 | *Silva v. Gonzales,*
14 |     No. 3:13-CV-1587-CAB-KSC,
15 |     2014 WL 12663140 (S.D. Cal. May 23, 2014) ...........................5, 8
16 | *TV Ears, Inc. v. SYK Grp., LLC,*
17 |     No. 16CV867-GPC(WVG),
18 |     2016 WL 6248539 (S.D. Cal. Oct. 26, 2016) (slip copy) ..............3, 4
19 | *Threlkeld v. Tucker,*
20 |     496 F.2d 1101 (9th Cir. 1974) ........................................................... 4
21 | *Wade v. Ratella,*
22 |     407 F. Supp. 2d 1196 (S.D. Cal. 2005) ...........................................12
23 | *Walden v. Riore,*
24 |     134 S. Ct. 1115 (2014) ......................................................................5
25 | *Weaver v. Johnson & Johnson, Ethicon, Inc.,*
26 |     No. 16CV00257GPCBGS,
27 |     2016 WL 1668749 (S.D. Cal. Apr. 27, 2016) ...................................5
28 |

1 | *Vedachalam v. Tata Am. Int'l Corp.*,
2 |     No. C 06-0963 VRW,
3 |     2010 WL 11484815 (N.D. Cal. Feb. 4, 2010) ............................11
4 | *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
5 |     433 F.3d 1199 (9th Cir. 2006) ................................................4

**United States Code**

42 U.S.C. § 1983 .................................................................11, 12
28 U.S.C. § 1391(b) ...............................................................8, 9
28 U.S.C. § 1406(a) ...................................................................9

**Other**

Cal. Civ. Proc. § 335.1 (West Supp.2004)).
Fed. R. Civ. P. 4(m) ..........................................................1, 10, 11
Fed. R. Civ. P. 12(b)(2) .......................................................1, 3, 8
Fed. R. Civ. P. 12(b)(3) ..........................................................1, 8
Fed. R. Civ. P. 12(b)(5) .........................................................1, 10
Fed. R. Civ. P. 12(b)(6) .........................................................1, 11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Darren Chaker ("Plaintiff") filed a Complaint against the City of North Las Vegas Police Department's Police Chief Alexander Perez ("Defendant Perez"), the City of North Las Vegas Police Department Custodian of Records Mary D. Scarff ("Defendant Scarff") and several other defendants on July 22, 2016. Plaintiff filed this sealed action in the United States District Court for the Southern District of California; however, this Court lacks personal jurisdiction over Defendants Perez and Scarff, and this is the improper venue for any action against them arising out of Plaintiff's allegations. Further, this action was not served within the required time period under Fed. R. Civ. P. 4(m), and there is no good cause as to why the action was served so far beyond the required time. Finally, this action is barred by the statute of limitations. For these reasons, Plaintiff's Complaint against Defendants Perez and Scarff must be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(2), (b)(3), (b)(5), and (b)(6).

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his meandering 87-page Complaint on July 22, 2016, opening this lawsuit as a sealed case.[1] While much of the Complaint is muddled, several facts about this lawsuit are exceedingly clear.

First, Plaintiff did not serve Defendant Perez and Defendant Scarff with the Complaint until April 10, 2017.[2] Plaintiff did not provide Defendants any reason for his delay in service.

---

[1] Defendants are unaware of any motion to file the case as a sealed case or why this case is sealed.

Second, Plaintiff alleged that Defendant Scarff released a sealed police report to Nevada Attorney General Investigator Leesa Fazal ("Nevada AG Investigator" or "Defendant Fazal") in July of 2013. *See* "Complaint for Damages," at 15:15-19. Plaintiff alleged that Defendants knew that Plaintiff lived in California due to previous litigation with the City in 2010. However, the alleged harm occurred in 2013, and Plaintiff has not supported his allegation that the City knew that he was in California in 2013. Further, this is unrelated to the fact that the alleged release of the report took place in Nevada between Nevada agencies. The North Las Vegas Police Department allegedly produced the report to the Nevada AG Investigator. *See* "Complaint for Damages," at 16:6-7. Plaintiff has pled no facts to show that Defendant Scarff produced the report knowing that it would be used for a California hearing. Defendants Perez and Scarff had no contacts with California relating to this alleged release of information. *See* "Complaint for Damages," at 64:19-28.

Third, Plaintiff allegedly found out about the North Las Vegas Police Department report being produced on July 22, 2013, as it was allegedly included in Defendant Fazal's "confidential report" referenced in the Complaint. Plaintiff received an unredacted version of this "confidential report" on or about August 1, 2013. *See* "Complaint for Damages," at 12:18-22. This was almost four years ago.

Although Plaintiff's allegations are muddled in the 87-pages of Plaintiff's stream of consciousness Complaint, it is clear from the factual allegations described above that Plaintiff's claims against Defendants Perez and Scarff must be dismissed with prejudice.

---

[2] Plaintiff has failed to serve the City of North Las Vegas and failed to serve his full Complaint on Defendants Perez and Scarff who did not receive the exhibits to the complaint.

## III.

## ARGUMENT

After a cursory review of Plaintiff's Complaint, the claims against Defendants Perez and Scarff should be dismissed in their entirety for four reasons: 1) this Court has no personal jurisdiction over Defendants, 2) venue is not proper, 3) Plaintiff failed to timely serve his Complaint, and 4) Plaintiff's claims are barred by the applicable statutes of limitations.

### A. This Court has no personal jurisdiction over Defendants Perez and Scarff.

This Court should dismiss all claims against Defendants Perez and Scarff because it does not have personal jurisdiction. After a defendant files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of proof to establish that the court has personal jurisdiction. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Id.* (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir.2010)). When a defendant files a motion to dismiss the plaintiff's complaint, plaintiff must put forward some evidence supporting personal jurisdiction. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

If there is no federal statute authorizing personal jurisdiction, then the court should apply the law of the state where it sits to determine whether it has personal jurisdiction. *CollegeSource*, 653 F.3d at 1073. "California's long-arm statute is 'coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court,'" and so the court must consider the requirements of due process. *TV Ears,*

*Inc. v. SYK Grp., LLC*, No. 16CV867-GPC(WVG), 2016 WL 6248539, at *3 (S.D. Cal. Oct. 26, 2016) (slip copy) (citing *Republic Int'l Corp. v. Amco Eng'rs, Inc.*, 516 F.2d 161, 167 (9th Cir. 1976)) and (quoting *Threlkeld v. Tucker*, 496 F.2d 1101, 1103 (9th Cir. 1974)). In reviewing a personal jurisdiction challenge, the California courts must determine whether the notions of fair play and substantial justice under a due process analysis have been met. *Id.* "Personal jurisdiction can be either 'general' or 'specific.'" *Id.* at *3 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)).

In this case, there is no general or specific jurisdiction as Defendants Perez and Scarff have no minimum contacts with California and have not availed themselves of jurisdiction in California through the actions alleged by Plaintiff. This reason is enough to warrant dismissal of all claims against Defendants Perez and Scarff.

### 1. This Court lacks general jurisdiction over Defendants Perez and Scarff because neither of them are domiciled in California and neither has continuous or systematic contacts with California.

General jurisdiction is established if the defendant is domiciled in the forum state, or if the defendant's activities in the forum state are "substantial" or "continuous and systematic." *TV Ears, Inc.*, 2016 WL 6248539, at *3. To rise to "substantial" or "continuous and systematic," the defendant's level of contacts with the forum state must be high enough that it "approximate[s] physical presence." *Lisa McConnell, Inc. v. Idearc, Inc.*, No. 09-CV-00061-IEG(AJB), 2010 WL 364172, at *3 (S.D. Cal. Jan. 22, 2010) (quoting *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) holding modified by *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006)).

Defendants Perez and Scarff work for the North Las Vegas Police Department in Nevada and are both domiciled in Nevada. Their work is in Nevada, and they have no business in California. The records that were allegedly released were from the North Las Vegas Police Department to the Nevada AG Investigator. Defendants Perez and Scarff have no substantial or continuous or systematic contacts with California.

Therefore, this Court lacks personal jurisdiction over Defendants Perez and Scarff, and the case against them should be dismissed.

### 2. This Court Lacks Specific Jurisdiction Over Defendants Perez and Scarff Because Neither Had Contact With the Forum State or Directed Activities Toward the Forum State.

Specific jurisdiction can be established if the claim against a defendant arises out of a defendant's contact with the forum state, and if the defendant purposefully directed those activities in the forum state. *Weaver v. Johnson & Johnson, Ethicon, Inc.*, No. 16CV00257GPCBGS, 2016 WL 1668749, at *4 (S.D. Cal. Apr. 27, 2016) (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414; *Walden v. Riore*, 134 S. Ct. 1115, 1121 (2014); and *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (U.S. 2011)). The Ninth Circuit uses a three factor test to determine whether the court has specific jurisdiction over a defendant:

> " '(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.' "

*Silva v. Gonzales*, No. 3:13-CV-1587-CAB-KSC, 2014 WL 12663140, at *7 (S.D. Cal. May 23, 2014), aff'd, 667 F. App'x 967 (9th Cir. 2016) (quoting *Bancroft & Masters, Inc.*, 223 F.3d at 1086). The plaintiff has the burden of proving the first

two factors, and if he does, then the burden shifts to the defendant to give compelling reasons why the exercise of jurisdiction is not reasonable and violates due process. *Phillips v. Hernandez*, No. 12-CV-748-MMA WMC, 2012 WL 5185848, at *4 (S.D. Cal. Oct. 18, 2012). "[I]f the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

    i. **Defendants Perez and Scarff did not Perform any Act or Consummate Any Transaction Within the Forum or Otherwise Purposefully Avail Themselves of the Privileges of Conducting Activities in the Forum.**

  Under the first prong of the test, the court must examine whether the defendant's actions were purposefully directed at the forum state. Specifically, "the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Bancroft & Masters, Inc.*, 223 F.3d at 1087.

  While the act of producing a report is an intentional act, Defendant Scarff's alleged release of the report to the Nevada AG Investigator shows that the alleged act does not avail Defendants Scarff and Perez of jurisdiction in California. The "expressly aimed" portion of the test is met if the defendant engaged in conduct targeted at a plaintiff the defendant knew to be a resident of the forum state. *CollegeSource, Inc.*, 653 F.3d at 1077.

  Plaintiff alleged in his Complaint that Defendants knew that Plaintiff lived in California after previous litigation with Plaintiff in 2010. However, the harm to Plaintiff in this case took place in 2013. Plaintiff has not pled or attached exhibits to his Complaint to show that Defendants specifically knew where Plaintiff was in 2013. Defendants receive several requests for records daily. Defendants would

have no reason to believe that disclosing a report to a Nevada AG Investigator at the Nevada Attorney General's Office, would cause harm in California to the subject of a police report made in North Las Vegas, Nevada.

Therefore, Plaintiff has failed to meet the first prong of the specific jurisdiction test. Lack of specific jurisdiction is sufficient grounds for dismissing all claims against Defendants Perez and Scarff.

### ii. Defendants Have not Conducted Any Forum-Related Activities, and the Exercise of Jurisdiction would be Unreasonable.

Plaintiff's claim against Defendants Perez and Scarff arises out of the alleged release of information to Nevada AG Investigator Fazal. This is the only extent to which Defendants are involved in this litigation. None of Defendants alleged activities were conducted in the forum, directed at the forum, or meant to affect the forum state in any way.

Further, if the Court found that Plaintiff meets the first two factors of the specific jurisdiction test, jurisdiction would still be unreasonable and violate due process. In determining whether jurisdiction would be unreasonable and violate due process, the Ninth Circuit looks at seven factors:

> (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of the conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*CollegeSource, Inc.*, 653 F.3d at 1079 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002)).

Under the first, third, fourth, fifth, sixth, and seventh factors, it is clear that jurisdiction is unreasonable. Defendants' alleged actions were conducted within

Nevada between the Nevada AG Investigator and the North Las Vegas Police Department. There would be no indication that a transaction between these agencies would cause harm in another state. If Plaintiff's allegations are true, the harm caused to Plaintiff by Defendants Perez and Scarff was in Nevada and under Nevada law. Plaintiff's Complaint specifically references that the alleged actions by Defendant Scarff would violate Nevada law. This is a Nevada matter, having nothing to do with California. The additional claims against the other defendants go beyond the claims that Plaintiff has made against Defendants Perez and Scarff and could be litigated separately in California.

Under the second factor, this would cause a huge burden on Defendants because Defendants live and work in Nevada, conduct all of their work in Nevada, and do not have any work contacts in the forum. Defending litigation in California would burden the City financially.

Therefore, for the foregoing reasons, the United States District Court for the Southern District of California does not have personal jurisdiction over Defendants Perez and Scarff, and all claims against Defendants Perez and Scarff should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**B. Venue is Not Proper.**

Plaintiff's claims against Defendants Perez and Scarff should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) because venue is not appropriate in this District as Defendants Perez and Scarff do not live in California, did not have anything to do with California, even in the facts alleged by plaintiff, and this action could have been brought against them in Nevada. Plaintiff also bears the burden of establishing venue. *Silva*, No. 3:13-CV-1587-CAB-KSC, 2014 WL 12663140, at *10. Federal law governs venue under 28 U.S.C. § 1391(b). Under this statute, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

If the court finds that venue is improper, it may dismiss or transfer the action to the proper district pursuant to 28 U.S.C. § 1406(a).

The 28 U.S.C. § 1391(b) factors show that venue is not appropriate in this District. Defendants Perez and Scarff do not reside in California, and do not conduct any business in California. The alleged grievance that Plaintiff has against Defendants Perez and Scarff arises out of a transaction that occurred in Nevada, specifically that Defendant Scarff of the North Las Vegas Police Department allegedly released a sealed police report to the Nevada AG Investigator in 2013.

Even if the Court finds that it has personal jurisdiction over Defendants Perez and Scarff, this action against them could have been commenced in Nevada, and therefore, at the very least should be transferred to the United States District Court for the District of Nevada. However, based on the numerous deficiencies of Plaintiff's Complaint, this action should be dismissed in its entirety against Defendants Perez and Scarff.

**C. Plaintiff Failed to Timely Serve his Complaint.**

Plaintiff failed to timely serve his Complaint within the 90-day period required under Fed. R. Civ. P. 4(m), which is a sufficient legal basis to dismiss all claims against Defendants Perez and Scarff. Plaintiff commenced this action on July 22, 2016, as shown by the file stamp in the top right corner of his Complaint.

Thus, Plaintiff was required to serve Defendants Perez and Scarff by October 22, 2016, but he failed to do so.

Pursuant to Fed. R. Civ. P. 4(m), once an action has been commenced, the plaintiff has 90 days to serve his complaint. If this deadline is not met, the defendant in the action can bring a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process, which shifts the burden to the plaintiff to prove that Fed. R. Civ. P. 4(m) has been met either by timely service or by showing good cause as to why the timely service was not met. *Macpherson v. United States,* No. 3:15-CV-0769-BEN-AGS, 2017 WL 766722, at *1 (S.D. Cal. Feb. 28, 2017). The Court has the discretion to determine whether the plaintiff has met the burden or whether to dismiss the action. *Id.*

Plaintiff has sealed this entire case, and Plaintiff has not provided any reason for this. Because the case is sealed, Defendants do not have access to any documentation that has been filed in the case other than what Plaintiff has provided. So far, Plaintiff has only provided his Complaint without any of the exhibits and waiver of service forms. Defendants are public officials, and Plaintiff should have been able to locate and timely serve Defendants.

In this case, the Complaint was filed on July 22, 2016. Plaintiff had 90 days from that date in which to serve Defendants, which would have been on or about October 22, 2016. Defendants were served on April 10, 2017, which was almost seven months late. Plaintiff did not provide any motion or documentation from the Court showing that he had extended the time in which to serve the Complaint.

Further, there is no good reason for Plaintiff's delay, because Plaintiff's attempt to effectuate service was to mail the Complaint to Defendants Perez and Scarff and request a waiver of service form. Plaintiff had no excuse to fail to locate public officials, and obviously had no trouble as the documents were ultimately mailed.

10	Case No. 16cv1872 CAB BLM

Therefore, Plaintiff's Complaint should be dismissed for insufficient service of process because Plaintiff has delayed service of the Complaint upon Defendants Perez and Scarff far past the 90-day deadline required under Fed. R. Civ. P. 4(m).

### D. Plaintiff's Claims are Barred by the Statute of Limitations.

This Court should dismiss all of Plaintiff's claims against Defendants Perez and Scarff because these claims are barred by the applicable statute of limitations. Although Plaintiff's claims against Defendants Perez and Scarff are muddled in his Complaint, his claims are barred by the statute of limitations. Plaintiff seems to allege three claims against Defendant Scarff: 1) a civil rights violation under 42 U.S.C. § 1983, 2) invasion of privacy, and 3) negligence. Plaintiff appears to allege two claims against Defendant Perez: 1) a civil rights violation under 42 U.S.C. § 1983 for failure "to supervise, train, or create policy and procedure forcing compliance with Nevada law to prevent the disclosure of sealed police reports absent a statutorial obligation to produce such reports," and 2) negligence. *See* "Complaint for Damages," at 17:15-17 and 76:7-10. Each of these claims was brought after the expiration of the applicable statute of limitations.

A dismissal of a plaintiff's complaint is appropriate pursuant to Fed. R. Civ. P. 12(b)(6) where the plaintiff's claims are barred by the statute of limitations. *Vedachalam v. Tata Am. Int'l Corp.*, No. C 06-0963 VRW, 2010 WL 11484815, at *6 (N.D. Cal. Feb. 4, 2010). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court stated that a motion to dismiss should be granted when the allegations in a complaint cannot raise a claim of entitlement to relief, and further, that "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007) (internal quotations omitted). In this case, a motion to dismiss is appropriate because all of the claims against Defendants Perez and Scarff are barred by the applicable statute of limitations.

11     Case No. 16cv1872 CAB BLM

Plaintiff's civil rights claims are barred by the two-year statute of limitations. "Actions predicated upon § 1983 are governed by the state statute of limitations for personal injury actions." *Wade v. Ratella*, 407 F. Supp. 2d 1196, 1203 (S.D. Cal. 2005). Like in Nevada, the statute of limitations for a 42 U.S.C. § 1983 civil rights claim in California is two years. *Id.* (citing *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir.2004) and Cal. Civ. Proc. § 335.1 (West Supp.2004)). A civil rights claim accrues when a party knows or has reason to know of the injury which is the basis of his or her claim. *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir. 1996).

In this case, Plaintiff's claims arise from Defendant Scarff allegedly releasing a police report to the Nevada AG Investigator in July of 2013. Based on these facts, Plaintiff knew or had reason to know of the alleged injury on that date, and he should have filed suit by July of 2015 at the latest. Plaintiff's Complaint was filed on July 22, 2016, which is one year late.

Plaintiff's invasion of privacy and negligence claims are also barred by the two-year statute of limitations. The California Code of Civil Procedure § 335.1 governs the statute of limitations for torts. Cal. Civ. Proc. Code § 335.1 (West). Just like the negligence claim, Plaintiff's invasion of privacy claim falls under § 335.1 because it is a personal injury claim. *Mireskandari v. Daily Mail & Gen. Trust PLC*, No. CV1202943MMMSSX, 2013 WL 12114762, at *15 (C.D. Cal. Oct. 8, 2013).

Again, Plaintiff's claims against Defendants Perez and Scarff arise from Defendant Scarff allegedly releasing a police report to the Nevada AG Investigator in July of 2013. Based on these facts, Plaintiff knew or had reason to know of the alleged injury on that date, and he should have filed suit by July of 2015 at the latest. Plaintiff's Complaint was filed on July 22, 2016, which is one year late.

All of Plaintiff's claims against Defendants Perez and Scarff were filed more than one year after the statute of limitations lapsed; consequently, all of Plaintiff's claims against Defendants Perez and Scarff should be dismissed in their entirety with prejudice.

## IV.
## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' Complaint against Defendants Perez and Scarff in its entirety with prejudice.

DATED this ___7th___ day of June, 2017.

NORTH LAS VEGAS CITY ATTORNEY

By /s/ Micaela Moore

Micaela C. Rustia Moore
*Attorneys for Defendants*
*Alexander Perez and Mary D. Scarff*