UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DARREN CHAKER, | Case No.: 3:16-cv-1872-CAB-(BLM) |
|---|---|
| Plaintiff, | **ORDER ON EX PARTE MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO STAY PROCEEDINGS** |
| v. | |
| LEESA FAZAL, et al., | |
| Defendants. | **[Doc. No. 53]** |

This matter is before the Court on Plaintiff's third ex-parte application for appointment of counsel, or in the alternative, motion to staying the proceedings [Doc. No. 53.] For the reasons discussed below, the motion is DENIED.

Motion to Stay Proceedings

On July 22, 2016, Plaintiff filed suit alleging multiple violations of his constitutional rights under 42 U.S.C. § 1983. [Doc. No. 1.] On April 25, 2017, after granting Plaintiff multiple extensions to effectuate service upon Defendants, the Court issued an Order of Dismissal for failure to prosecute. [Doc. No. 33.] On May 15, 2017, the Court granted Plaintiff's ex parte motion to reinstate the case. [Doc. No. 37.] On July 28, 2017, Plaintiff filed the current motion. [Doc. No. 53]

Courts have inherent power to manage their dockets and stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706(1997); *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936) (district court has inherent power to manage its docket and courtroom with a view

toward the efficient and expedient resolution of cases). Factors to consider when deciding to stay a proceeding include: (1) the possible damage which may result from granting a stay, (2) the hardship a party may suffer if the case is allowed to go forward, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

The Motion asserts that this matter should be stayed and counsel appointed otherwise the Court would be "discard[ing] the rights of a seriously ill person who was thrusted into jail twice and vindicated on both occasions for alleged defamation and drug use, by disallowing him the opportunity to oppose dismissal." [Doc No. 53 at 1.] Aside from his health issues, Plaintiff provides no other argument in support of his motion to stay the proceedings.

At this early stage in the litigation the Court sees no benefit in granting the stay. Previously, the Court extended the deadline for Plaintiff to serve Defendants and also increased the time Plaintiff had to respond to the motions to dismiss. As a result of Plaintiff's non-opposition, the Court granted Defendants' motions to dismiss with leave to amend. [Doc. No. 50.] Any undue harm and irreparable injury that Plaintiff claims will result from the non-issuance of a stay has already been avoided by the Court dismissing the current action without prejudice and by giving him, up to and including August 17, 2017, to file an amended complaint. Furthermore, staying these proceedings would not result in the efficient and expedient resolution of this case. In fact, if the Court were to issue an indefinite stay the opposite could occur. Accordingly, the Court **DENIES** Plaintiffs application to stay these proceedings.

Motion for appointment of counsel

For the same reasons the Court articulated in its earlier orders [Doc. Nos. 15, 20], the renewed motion for appointment of counsel is **DENIED without prejudice**.

Order

The Court hereby ORDERS as follows:

1. The petition to appoint counsel for Darren Chaker is **DENIED WITHOUT PREJUDICE**.
2. The Motion to Stay these proceedings is **DENIED.**
3. If Plaintiff does not file an amended complaint, by the **August 17, 2017** deadline, the Clerk of the Court shall CLOSE the case.

**IT IS SO ORDERED.**

Dated: August 1, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge